# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RONALD D. LEONARD,**

    Plaintiff,

    v.                                                        Case No. 2:18-cv-1126
                                                         Judge Michael H. Watson
                                                         Magistrate Judge Chelsey M. Vascura

**CITY OF NELSONVILLE, OHIO,** *et al.***,**

    Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Ronald D. Leonard, who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Defendants, the City of Nelsonville, Police Chief Chris Johnson, and Police Officer Scott Dawley, alleging violations of his Fourth Amendment rights. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid.

In addition, pages 4 through 7 of Plaintiff's request to proceed *in forma pauperis* contain Plaintiff's full social security-security number in violation of Federal Rule of Civil Procedure 5.2(a), which permits filed documents to reflect only the last four digits of a social-security number. The Clerk is therefore **DIRECTED** to **REDACT** the first six digits of Plaintiff's social-security number on ECF No. 1 at pages 4-7. Plaintiff is **ORDERED** to comply with Rule 5.2(a) for all future filings.

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>    \*    \*    \*
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte*

---

[1]Formerly 28 U.S.C. § 1915(d).

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the

3

Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to the Complaint, Plaintiff parked his vehicle "on an interstate highway" in Athens County. (Pl.'s Compl. 3, 5, ECF No. 1-1; *see also id*. at 8 (vehicle was "setting on an interstate highway . . . Old US 33").) On March 6, 2018, nonparty Skiver's Towing Company ("STC"), towed Plaintiff's vehicle and "[v]erbally forced" him to pay $50 to recover his vehicle. (*Id*. at 7-8.) Plaintiff alleges that Defendant Officer Dawley, at the direction of Defendant Police Chief Johnson, gave the order to STC to tow his vehicle. Plaintiff maintains that his vehicle was "legally parked" on the interstate when it was towed because it had been "parked [on the interstate] less than 48 hours pursuant to O.R.C. Sec. 4513(a)(2) . . . ." (*Id*. at 5.) Plaintiff therefore alleges that the order to tow his vehicle was a seizure violating the Fourth and Fourteenth Amendments, as well as a number of state statutes. Plaintiff further asserts that Defendants Dawley and Johnson "engaged in a conspiracy to extort [him] out of cash money in the amount of $50.00 . . . ." (*Id*. at 3, 7.) Finally, Plaintiff names the City of Nelsonville as a defendant, alleging that it failed to implement an adequate training program for its police officers. Plaintiff seeks approximately $300,000 in damages.

**III.**

The undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted such that dismissal under § 1915(e)(2) is proper. The undersigned first considers Plaintiff's § 1983 claims under the Fourth and Fourteenth Amendments before turning to his conspiracy and municipal liability claims.

**A.  Plaintiff's Fourth Amendment Claim**

In order to plead a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: (1) a deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).

The Fourth Amendment proscribes "unreasonable searches and seizures . . . ." U.S. Const. amend. IV. Thus, "[t]he ultimate touchstone" when evaluating claims under the Fourth Amendment "is reasonableness." *Michigan v. Fisher*, 558 U.S. 45, 47 (2009) (internal quotation marks and citations omitted); *see also Collins v. Nagle*, 892 F.3d 489, 494 (6th Cir. 1989) (considering whether the "decision to impound was reasonable under the circumstances" within the context of evaluating the plaintiff's Fourth Amendment seizure claim (citations omitted)).

Applied here, assuming the towing of Plaintiff's vehicle is a "seizure" as contemplated under the Fourth Amendment, the undersigned finds that Plaintiff has failed to sufficiently allege that the decision of Defendants Johnson and Dawley to tow his vehicle was unreasonable. As relevant to this reasonableness inquiry, Plaintiff alleges that he had parked his vehicle "on an interstate highway" and that it had been parked there for less than 48 hours at the time it was

5

towed. (Pl.'s Compl. 3, 5, ECF No. 1-1; *see also id*. at 8 (vehicle was "setting on an interstate highway . . . Old US 33").) The United States Supreme Court has held that the authority of the police to seize and impound vehicles under these circumstances "is beyond challenge," reasoning as follows:

> In the interests of public safety and as part of what the Court has called "community caretaking functions," *Cady v. Dombrowski*, 413 U.S. [433,] 441 [(1973),] automobiles are frequently taken into police custody. Vehicle accidents present one such occasion. To permit the uninterrupted flow of traffic and in some circumstances to preserve evidence, disabled or damaged vehicles will often be removed from the highways or streets at the behest of police engaged solely in caretaking and traffic-control activities. Police will also frequently remove and impound automobiles which violate parking ordinances and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic.3 The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge.

*South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976); *see also Rodriguiez-Melendez v. Dauphin Cnty. Drug Task Force*, No. 2016 WL 4150028, at *4 n.4 (M.D. Penn. July 8, 2016) ("Additionally, it is well established that merely towing or impounding a vehicle does not give rise to a constitutional violation, absent any further factual enhancement."). Beyond Plaintiff's conclusory and unsupported allegation that Defendants "engaged in a conspiracy to extort [him] out of cash money in the amount of $50.00," (Pl.'s Compl. 3, 7, ECF No. 1-1), Plaintiff's Complaint contains no allegations suggesting that the decision to tow his vehicle was made in bad faith or was otherwise unreasonable. *See Davis v. Nice*, No. 5:12-cv-1002, 2012 WL 3961236, at *4 (N.D. Ohio Sept. 10, 2012) (dismissing Fourth Amendment seizure claim arising from towing of vehicle pursuant to § 1915(e) where the plaintiff "failed to set forth any allegations suggesting that [the defendant's] decision to impound his vehicle was in bad faith or otherwise unreasonable").

Plaintiff's reliance upon Ohio Revised Code § 4513.61(a)(2) to argue that his vehicle was legally parked on the interstate highway because it had been there less than 48 hours does not save his claim. Assuming *arguendo* that this statute did not permit Defendants to tow Plaintiff's vehicle does not compel the conclusion that their decision was unreasonable under the circumstances. *See Ferguson v. Baker*, No. 2:16-cv-01525, 2017 WL 9889114, at *2 (D. Nev. Dec. 18, 2017) (dismissing Fourth Amendment claim arising from vehicle towing, holding that the plaintiff's allegations that the defendants lacked authority under state statutes to impound his vehicle, without more, failed to state a claim). Moreover, the Ohio statute upon which Plaintiff relies, § 4513.61(a)(2), does, in fact, authorize officers to exercise their discretion to order a vehicle towed that is obstructing traffic, regardless of the duration the vehicle has been parked on the road:

> (A) The sheriff of a county or chief of police of a municipal corporation, township, or township or joint police district, within the sheriff's or chief's respective territorial jurisdiction, or a state highway patrol trooper, upon notification to the sheriff or chief of police of such action and of the location of the place of storage, may order into storage any motor vehicle, including an abandoned junk motor vehicle as defined in section 4513.63 of the Revised Code, that:
>
> \*       \*       \*
>
> (2) Has been left on a public street or other property open to the public for purposes of vehicular travel, or upon or within the right-of-way of any road or highway, for forty-eight hours or longer without notification to the sheriff or chief of police of the reasons for leaving the motor vehicle in such place. *However, when such a motor vehicle constitutes an obstruction to traffic it may be ordered into storage immediately . . . .*

Ohio Rev. Code § 4513.61(a)(2) (emphasis added). In Plaintiff's words, his vehicle was "setting on an interstate highway," (Pl.'s Compl. 8, ECF No. 1-1), which suggests that it was likely impeding traffic or creating an unsafe condition.

In summary, because Plaintiff has failed to sufficiently allege a Fourth Amendment seizure claim arising from the towing of his vehicle, it is **RECOMMENDED** that the Court **DISMISS** this claim pursuant to § 1915(e)(2).

**B.      Plaintiff's Fourteenth Amendment Claim**

It is unclear whether Plaintiff intends to assert a procedural due process claim because beyond mentioning the Fourteenth Amendment, he advances no allegations in support of such a claim.   To the extent Plaintiff intends to assert due process claim, however, it must be dismissed.

The Fourteenth Amendment provides in relevant part: "nor shall any State deprive any person of life, liberty, or property, without due process of law."   U.S. CONST., AMEND. XIV, § 1.  *See also Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005) ("The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law.").   To establish a procedural due process claim, a plaintiff must show "either (1) . . . that he [was] deprived of property as a result of established state procedure that itself violates due process rights; or (2) . . . that the defendants deprived him of property pursuant to a random and unauthorized act and that available state remedies would not adequately compensate for the loss."   *Macene v. MJW, Inc.*, 951 F.3d 700, 706 (6th Cir. 1991) (internal quotation marks and citations omitted).

In this case, Plaintiff does not challenge any established procedure, statute, or ordinance. Rather, it appears that he is challenging the allegedly unauthorized acts of Defendants Johnson and Dawley.   Thus, assuming Plaintiff has a cognizable property interest in the towed vehicle, he must plead and show the inadequacy of the remedies under Ohio law.   *Macene*, 951 F.2d at 706; *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983) (in § 1983 case "claiming the deprivation of a

8

property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."); *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (dismissal of procedural due process claim upheld where the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . ."). Plaintiff was not entitled to a pre-deprivation hearing prior to a police tow. *See Wagner v. Umpleby*, Nos. 97-3390, 97-3445, 149 F.3d 1185 (Table), 1998 WL 385914, at *2 (6th Cir. July 2, 1998) ("[I]mpoundments of automobiles do not require a predeprivation hearing because such process is not feasible."); *see also Ross v. Duggan*, 402 F.3d 575, 583-84 (6th Cir. 2004) ("At bottom, pre-seizure hearings are not constitutionally mandated, as long as interested persons receive notice and a timely post-seizure opportunity to be heard prior to forfeiture."). Thus, Plaintiff was required to plead and show the inadequacy of post-deprivation procedures, which he has failed to do here.

In summary, because Plaintiff has failed to sufficiently allege a procedural due process claim arising from the towing of his vehicle, it is **RECOMMENDED** that the Court **DISMISS** this claim pursuant to § 1915(e)(2).

### C.    Plaintiff's Civil Conspiracy Claim

Plaintiff has also failed to sufficiently allege a civil conspiracy claim. "A civil conspiracy under § 1983 is 'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). To prevail on such a claim, a plaintiff must show "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed." *Revis*, 489 F.3d at 290 (citation omitted). Here, Plaintiff's Complaint fails to contain allegations upon which this Court could rely

9

to conclude the plausible existence of a plan or that the individual defendants shared in the same objective. Rather, Plaintiff's Complaint contains only his conclusory and speculative allegation that Defendants "engaged in a conspiracy to extort [him] out of cash money in the amount of $50.00," (Pl.'s Compl. 3, 7, ECF No. 1-1), which is insufficient to state a civil conspiracy claim. *See Twombly*, 550 U.S. at 565 (allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (It is "well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." (internal quotation marks and citation omitted)); *see also Ferguson v. Baker*, No. 2:16-cv-01525, 2017 WL 9889114, at *2 (D. Nev. Dec. 18, 2017) (dismissing conspiracy claim pursuant to § 1915(e), holding that the "conclusory statement that [defendants] entered into a conspiracy . . . to impound [the plaintiff's] vehicle" failed to establish the existence of a conspiracy). For these reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's civil conspiracy claim pursuant to § 1915(e)(2).

D.     **Plaintiff's Municipal Liability Claim Against the City of Nelsonville**

Plaintiff has likewise failed to plead sufficient facts in support of a municipal liability claim. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because Plaintiff has failed to allege that an official policy or custom of the City of Nelsonville resulted in the violation of his constitutional rights, it is **RECOMMENDED** that Plaintiff's claim against the City of Nelsonville be **DISMISSED**

pursuant to § 1915(e)(2).

**E.     Plaintiff's State-Law Claims**

Plaintiff generally alleges that Defendants' conduct violated a number of state statutes and urges this Court to exercise supplemental jurisdiction over these claims.   Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction."   The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well."   *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted).   Here, Plaintiff and Defendants are citizens of Ohio such that the Court may not exercise jurisdiction based on diversity of the parties under 28 U.S.C. § 1332.   Thus, the Court does not have original jurisdiction over Plaintiff's state-law claims.   Having recommended dismissal of Plaintiff's federal claims, pursuant to 28 U.S.C. § 1367(c)(3), the undersigned further **RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it **DISMISS WITHOUT PREJUDICE** any such claims.

**III.**

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**.   (ECF No. 1.) In addition, the Clerk is **DIRECTED** to **REDACT** the first six digits of Plaintiff's social-security number on ECF No. 1 at pages 4-7, and Plaintiff is **ORDERED** to comply with Rule 5.2(a) for all future filings.   Finally, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's federal claims **WITH PREJUDICE** pursuant to 28 U.S.C. §

11

1915(e)(2)(B)(ii) and **DISMISS** Plaintiff's state-law claims **WITHOUT PREJUDICE** to pursuit in state court.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE