**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Ronald D. Leonard,

     **Plaintiff,**

     v.

**City of Nelsonville, Ohio, et al.,**

     **Defendants.**

**Case No. 2:18-cv-1126**

**Judge Michael H. Watson**

**Magistrate Judge Vascura**

## OPINION AND ORDER

Ronald D. Leonard ("Plaintiff") sues Nelsonville, Ohio, Police Chief Chris
Johnson ("Johnson"), Police Officer Scott Dawley ("Dawley), and the City of
Nelsonville, Ohio ("City"), under 42 U.S.C. §§ 1983 and 1985 and under Ohio
law. He alleges that his vehicle was parked on US 33 and that Johnson and
Dawley conspired to have his vehicle towed in order to extort $50.00 from
Plaintiff, which he was "verbally forced" to pay to a tow truck driver in order to
retrieve his car, and that City failed to train its police officers concerning unlawful
seizures of vehicles.

On October 5, 2018, Magistrate Judge Vascura performed an initial screen
of this case under 28 U.S.C. § 1915(e)(2). She liberally construed Plaintiff's *pro
se* complaint as raising a claim for unlawful seizure in violation of the Fourth
Amendment, a procedural due process claim under the Fourteenth Amendment,

a § 1983 civil conspiracy claim,[1] a *Monell* claim, and various state-law claims. Magistrate Judge Vascura issued an Order and Report and Recommendation ("R&R") granting Plaintiff's motion for leave to proceed *in forma pauperis* and recommending dismissal of Plaintiff's federal claims with prejudice and of his state-law claims without prejudice. R&R, ECF No. 3. Plaintiff timely objects to the R&R as it relates to the recommendation of dismissal of some of his claims.[2]

Magistrate Judge Vascura issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

The R&R specifically advised Plaintiff, however, that the Undersigned would make a *de novo* review of only "those portions of the Report or specified proposed findings or recommendations to which objection is made." R&R 12, ECF No. 3. Plaintiff objects only to the dismissal of his Fourth Amendment claim. The Court therefore adopts, without conducting a *de novo* review, the R&R as it relates to the dismissal of the remainder of Plaintiff's claims.

---

[1] This analysis applies equally to Plaintiff's § 1985 claim.

[2] Plaintiff also objected to the calculation of the deadline for objections, but his objections were filed even under the Court's deadline. As such, his objection is moot.

Plaintiff does object to the dismissal of his Fourth Amendment claim for unlawful seizure. With respect to that claim, the R&R notes that the touchstone for such a claim is reasonableness and that Plaintiff failed to sufficiently allege that the towing of his vehicle was unreasonable under the circumstances. R&R 5, ECF No. 3. The Magistrate Judge notes that Plaintiff's Complaint alleges that his vehicle was parked on the highway for less than forty-eight hours but that the Complaint "contains no allegations [other than Plaintiff's conclusory allegation that Johnson and Dawley conspired to tow his vehicle in order to extort $50.00] suggesting that the decision to tow his vehicle was made in bad faith or was otherwise unreasonable." *Id.* at 6.

In his objection, Plaintiff argues that he intended to include the word "unreasonable" in his Complaint such that the Court should reject the R&R. The Court liberally construes this objection as a motion for leave to amend the Complaint in order to add the word "unreasonable." The motion is denied as futile. That is, even if Plaintiff's Complaint alleged that Johnson and Dawley unreasonably towed his vehicle, it would not state a Fourth Amendment claim. Whether or not an action is unreasonable is a legal conclusion, and the Complaint, even with the addition of that word, is devoid of any factual allegations that could support an inference that the towing was, indeed, unreasonable. *See, e.g., Rodriguez-Melendez v. Dauphin Cty. Drug Task Force*, No. 1:14-CV-12, 2016 WL 4150028, at *4 n.4 (M.D. Penn. July 8, 2016), *R&R*

*adopted by* 2016 WL 4089047; *Davis v. Nice*, No. 5:12-cv-1002, 2012 WL 3961236, at *4 (N.D. Ohio Sept. 10, 2012).

Further, with respect to Plaintiff's unlawful seizure claim, Plaintiff objects that Magistrate Judge Vascura overlooked the fact that he alleged in his Complaint that his vehicle was "located clearly outside the corporation limits of Defendant Nelsonville, Ohio," Compl. at 4, ECF No. 2, at the time Johnson and Dawley seized it. Because he alleged that his vehicle was outside of Nelsonville, he contends, Magistrate Judge Vascura erred in concluding that Ohio Revised Code § 4513.61 did not save his claim. The Court disagrees.

The R&R explains that Plaintiff had cited § 4513.61(A)(2) and had alleged in his Complaint that his vehicle was unlawfully towed under Ohio law because it had not sat on the roadway for forty-eight hours. She concluded that, "[a]ssuming *arguendo* that this statute did not permit Defendants to tow Plaintiff's vehicle does not compel the conclusion that their decision was unreasonable under the circumstances." R&R 7, ECF No. 3 (citing *Ferguson v. Baker*, No. 2:16-cv-1525, 2017 WL 9889114, at *2 (D. Nev. Dec. 18, 2017); *adopted by* 2018 WL 3518455). In other words, a violation of a state statute, she explains, is not necessarily also a violation of the Fourth Amendment.

Plaintiff's objection that he also alleged that the vehicle was unlawfully towed under § 4513.61 because it was not parked within the limits of Nelsonville, Ohio, does not impact the Magistrate Judge's conclusion that the towing of his vehicle could be a violation of an Ohio statute and yet not violate the Fourth

Amendment.[3] Accordingly, his objection does not affect the Fourth Amendment analysis. This is especially true where the Complaint fails to include sufficient factual details to show that the towing was unreasonable under the Fourth Amendment, and the mere inclusion in the Complaint that the vehicle was not located within the limits of Nelsonville does not cure that defect as that fact adds nothing to the reasonableness of the towing.

Just as it would be futile to permit Plaintiff to amend his Complaint to add the word "unreasonable," so too would it be futile to permit Plaintiff to amend his Complaint to clarify that his vehicle was not "setting [sic] on an interstate highway," Compl. 2, but, rather, was "legally parked on the berm-side of the interstate highway." Obj., ECF No. 6. Plaintiff recognizes in his objection that it would be reasonable to tow a vehicle that was parked literally on a highway, regardless of how long the vehicle had so been parked. He also recognizes that his Complaint pleaded that his vehicle was parked on the highway. He argues that the allegation was a typographical error, however, and that he meant to plead that his vehicle was legally parked on the berm of the highway.

Whether his vehicle was legally parked is a legal conclusion, and the fact that it was on the berm rather than on the highway itself does not support an inference about whether it was nonetheless reasonable to tow the vehicle. That is, just because it would be reasonable to tow a vehicle parked on the highway

---

[3] This Opinion and Order offers no opinion as to whether Plaintiff can state a claim for a violation of State law.

does not mean that it would be *unreasonable* to tow a vehicle parked on the berm of the highway. And, contrary to Plaintiff's objection, it is not common sense that it would be unreasonable to tow a vehicle parked on the berm of a highway. Accordingly, Plaintiff's proposed clarification to his Complaint would be futile.

For the reasons addressed above, Plaintiff's objections are **OVERRULED**. Plaintiff's federal claims are dismissed **WITH PREJUDICE**, and his state-law claims are dismissed **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**